10. On or about September 30, 2013, Plaintiff was promoted to Acting Manager of the EORC for the Defendant upon the death of her predecessor.

11. On or about February 14, 2014, Plaintiff was diagnosed with potentially cancerous tumors. Plaintiff requested and was granted medical leave by the Defendant, which began on February 21, 2014.

12. On February 20, 2014, the day before Plaintiff was to begin medical leave, Defendant unlawfully demoted Plaintiff from the position of Acting Manager to her former position, Administrator.

13. Defendant also stripped Plaintiff of the budgeting, timekeeping and supervisory duties that she had held as the Administrator.

14. Although the Defendant provided no reason to the Plaintiff for the demotion, Plaintiff believes that this adverse action was taken against her because of a perceived disability, cancer.

15. Despite her medical condition, Plaintiff was and is able to perform the duties of Manager for the EORC.

16. While Plaintiff's salary was reduced, the Defendant failed to remove the title of Acting Manager. Moreover, Plaintiff was required to perform the duties of Acting Manager while she was on medical leave.

17. As of November 12, 2014, Plaintiff had yet to be replaced in that position.

18. As a result of the above-described unlawful, discriminatory conduct of the Defendant, Plaintiff filed a Charge of Discrimination based on disability against the Respondent with the Equal Employment Opportunity Commission on or about November 12, 2014

19. On or about February 9, 2015, Plaintiff returned to work from medical leave.

20. Shortly thereafter, the Defendant, through its agents, including but not limited to Plaintiff's new supervisor, Valerie McDonald-Roberts, began a course of adverse employment actions against Plaintiff in retaliation for filing the above-described Charge of Discrimination.

21. These actions included, but were not limited to, the following: upon Plaintiff's return to work, she was informed by Ms. McDonald-Roberts that her position had been reduced to secretarial duties and cleaning the office. In addition, Plaintiff was also required to sign in and out at the beginning and end of each workday despite the fact that she is a manager, and that such actions are not required of other similarly situated managers who are not perceived to have cancer or to be disabled. Ms. McDonald-Roberts also made direct disparaging comments regarding Plaintiff's previous Charge of Discrimination to Plaintiff, as well as Plaintiff's co-workers.

22. Further, Plaintiff was overly scrutinized, harassed and held to a higher standard than employees who are not disabled and who have not engaged in protected activity.

23. Ultimately, Plaintiff received a letter of discipline from Ms. McDonald-Roberts placing Plaintiff on suspension for numerous allegations, which were pretextual and unworthy of belief.

24. While Plaintiff was serving the unlawful suspension described above, Plaintiff was required by the Defendant to submit to an examination by Plaintiff's treating physician. As a result of that examination, Plaintiff's treating physician determined that the Plaintiff was once again temporarily disabled from continuing her employment. When the Defendant learned that the Plaintiff was once again disabled, which information was provided to the Defendant prior to the Plaintiff's termination, the Defendant was required to process Plaintiff's claim for disability. Notwithstanding this duty, the Defendant breached its duty to timely process Plaintiff's claim for disability by directing an employee of the Defendant to withhold Plaintiff's disability paperwork

until after Plaintiff's termination. Notwithstanding that the Defendant was in possession of information related to the Plaintiff's disability, the Defendant failed to process Plaintiff's disability claim, but rather chose to unlawfully terminate the Plaintiff as more fully described below.

25.     In a letter dated April 14, 2015, Plaintiff was informed that she was unlawfully terminated at the conclusion of the aforementioned suspension.

26.     Plaintiff believes and therefore avers that she was discriminated against because of a disability or a perceived disability in violation of the ADA and the PHRA.

27.     Plaintiff believes that the Defendant's conduct is part of a plan, pattern or practice of discriminating against employees who are disabled or who are perceived to have a disability which may affect individuals similarly situated to her.

COUNT I:

AMERICANS WITH DISABILITIES ACT

28.     The Plaintiff incorporates by reference Paragraphs 1 through 27 as though fully set forth at length herein.

29.     This is a proceeding under the Americans with Disabilities Act for declaratory judgment as to the Plaintiff's rights, and for a permanent injunction restraining the Defendant from maintaining a policy, practice, custom or usage of discrimination against the Plaintiff because of a disability and/or a perceived disability with respect to her continuation in employment, and further, with respect to the terms, conditions and privileges of that employment, in such ways and by such means so as to deprive, as the Defendant has deprived the Plaintiff, of equal employment status because of a disability or a perceived disability.  This Count also seeks

5