IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAWN JAKOMAS, | CIVIL ACTION |
| Plaintiff, | No.   2:16-cv-00220 |
| v. | |
| CITY OF PITTSBURGH, | Judge Mark R. Hornak |
| Defendant. | **ELECTRONICALLY FILED** |

**CONCISE STATEMENT OF MATERIAL FACTS IN
SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

1. Plaintiff was employed as an at-will Administrator with the City of Pittsburgh until her termination on April 9, 2015. City's Initial Disclosures, COP 4.

2. Plaintiff alleges that she has been discriminated against in violation of the ADA and PHRA because of a "disability or perceived disability." ECF 1, ¶26

3. Plaintiff's "regarded as" claim is limited to an allegation that the perceived disability was cancer and nothing else. Plaintiff's Deposition, 7:13-25.

4. Plaintiff was never diagnosed with cancer. Plaintiff's Deposition, 8:17-18.

5. Plaintiff alleges to have been diagnosed with "potentially cancerous tumors" on February 14, 2014. ECF 1, ¶ 11.

6. Plaintiff admitted that her alleged diagnosis with "potentially cancerous tumors" did not prevent her from following City Policies nor from complying with directives from her supervisors.  Plaintiff's Admissions, 12, 13.

7. Plaintiff alleges she was demoted due to a "perceived disability, cancer" on February 20, 2014, the day before she took medical leave. ECF 1, ¶¶12, 14.

8. Plaintiff was paid "acting pay" for the position of Manager pursuant to the City's Acting Pay Policy, which explicitly states that acting pay is temporary and contingent upon performance of the duties of the higher level position. City's Initial Disclosures, COP 256-57.

9. Plaintiff stopped receiving "acting pay" on February 21, 2014. City's Document Production, COP 1151.

10. Plaintiff further alleges that she was stripped of budgeting and timekeeping duties she held as an Administrator. ECF 1, ¶ 13.

11. Timekeeping and budgeting functions were absorbed by the Mayor's Office when the Equal Opportunity Review Commission ("EORC") was merged with it in the 2014 Budget. ECF 18, Ninth Affirmative Defense; City's Initial Disclosures, COP 269-276.

12. Plaintiff went on leave starting February 21, 2014 and returned to work cleared of any restrictions on February 9, 2015. Lestitian Deposition, 20:17-20, 24:2-9.

13. Although Plaintiff also alleges that she was required to perform Manager duties while she was on leave, but she admits that she offered to work and was never authorized to do so. ECF 1, ¶ 16; City's Document Production, COP 324-25.

14. Although Plaintiff claims there are emails showing she worked from home while on leave, there are none. Plaintiff's Deposition 31:18-21.

15. Plaintiff filed a discrimination charge on November 7, 2014 alleging that she had been demoted the day before she went on leave. City's Document Production, COP 328-329.

16. Plaintiff met with her supervisor, Ms. McDonald Roberts on February 10, 2015, at which point she complained that she was being stripped of supervisory duties that she allegedly performed as an Administrator. ECF 1, ¶ 13; *See* Affidavit of Ms. McDonald Roberts.

17. In response to this complaint, Ms. McDonald Roberts communicated that two managers were not necessary and that Ms. McDonald Roberts would be supervising. *See* Affidavit of Ms. McDonald Roberts.

18. On March 3, 2015, Plaintiff was informed that the following uniform Policies were in place: sign in must be no later than 830 for an 800 start time, all time out of office must be on a calendar which Valerie McDonald Roberts could access, time off must be pre-approved at least 48 hours in advance unless there is an emergency justified with documentation, and call offs must occur no later than 730 am; City's Document Production, COP 360-61.

19. On March 11th and 12th, Plaintiff called off after 730 each day. Despite this violation of Policy, no disciplinary action was issued; City's Initial Disclosures, COP 279-80.

20. Plaintiff did not provide a doctor's note by 830 on Monday the 16th as ordered; City's Initial Disclosures, COP 279; City's Document Production, COP 359.

21. On March 25th, Plaintiff was late for work. At deposition, she provided the following explanation: she arrived on time, but vomited in the parking lot because her medication made her sick, she tried to call at 7:50, left at about 8:10 to return home, it took 10 minutes to get there, she spent approximately 20 minutes at home, and then it took her 10 minutes to get back to work. Plaintiff's Deposition, 26: 9-25, 27:1-11, 28:1-4. By Plaintiff's own timeline, this would put her back at work at approximately 8:50. It is undisputed that she did not sign in until 9:28 and she was unable to provide a doctor's note to substantiate this incident as required by EORC Policy. Further, this explanation directly contradicts the explanation Plaintiff gave Ms. McDonald Roberts at the time, namely that *forgetting* to take her medicine had made her ill; City's Document Production, COP 381, 409-411.

22. Plaintiff refused to provide any documentation that she had been at the ER with her husband on the 23rd in support of her call off that day; City's Document Production, COP 386.

23. Plaintiff refused to update her work calendar so that her supervisor could view it, despite several directives to do so; City's Initial Disclosures, COP 180; City's Document Production, 360-61, 407-08, 412, 426-28.

24. Plaintiff did not place her appointment on the 30th in her calendar; and City's Initial Disclosures, COP 180.

25. Plaintiff refused to sign out on the 30th. City's Initial Disclosures, COP 211.

26. Insubordination formed at least part of the City's basis for the three progressive suspensions Plaintiff received between March 19, 2015 and her termination on April 9, 2015. City's Initial disclosures, COP 157-58, 166, 171, 176, 185, 186.

27. At or prior to the first disciplinary action report, Plaintiff was asked if she needed a reasonable accommodation and she never requested one. McDonald Roberts Deposition, 207:6-10, 207: 3-4.

28. The City provided Plaintiff a final opportunity to explain why she should not be terminated in response to her 5-day suspension pending termination and Plaintiff did not respond. City's Initial Disclosures, COP 185, Plaintiff's Deposition, 48:15-25, 49:1-17.

29. Despite the fact that Plaintiff was an at-will employee to whom the City was not required to apply progressive discipline, the City nonetheless counselled Plaintiff verbally and issued three progressively increasing suspensions before finally terminating her. City's Initial Disclosures, COP 157-58, 166, 171, 176, 185, 186, 238-39.

30. Plaintiff alleges that the City began retaliating against her "shortly" after she returned from leave and that the reason for retaliation was the fact that she filed a charge of discrimination on November 7, 2014. ECF 1, ¶¶ 18-20; City's Document Production, COP 328.

31. Plaintiff contends that Ms. McDonald Roberts made "direct, disparaging comments" regarding Plaintiff's discrimination charge to Plaintiff and her co-workers and began a course of adverse action against her in retaliation for filing the Charge. ECF 1, ¶¶ 20-21.

32. Plaintiff alleges that there are comparators and discovery responses identify her only two EORC co-workers as comparators ECF 1, ¶ 21; Plaintiff's Response to Interrogatories, 7.

33. Although Plaintiff claims Valerie McDonald Roberts said Plaintiff "had better have all of her paperwork together" and "indicated that Plaintiff's lawsuit would affect her work environment," the record is devoid of any testimonial or documentary evidence indicating such comments were made. Plaintiff's Interrogatory Response, 4.

34. Over four months passed between Plaintiff's November 7, 2014 Charge and the first disciplinary action on March 19, 2015.  City's Initial Disclosures, COP 157; City's Document Production, COP 328.

                Respectfully submitted,

                LOURDES SÁNCHEZ RIDGE
                City Solicitor

                */s/ Stephanie L. Eggar*
                Stephanie L. Eggar
                Assistant City Solicitor
                PA. I.D. #307456
                stephanie.eggar@pittsburghpa.gov

                *s/ Matthew S. McHale, Esq.*
                Matthew S. McHale, Esq.
                Associate City Solicitor

        Pa. ID No. 91880
        matthew.mchale@pittsburghpa.gov

        City of Pittsburgh Department of Law
        414 Grant Street
        Pittsburgh, PA 15219
        matthew.mchale@pittsburghpa.gov
        *Counsel for Defendant City of Pittsburgh*